IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JONATHAN M. MALONE )
)
v. ) No. 1:08-0045
) Judge Echols/Bryant
FIRST MEDICAL MANAGEMENT; KEVIN REA; )
CORRECTIONAL OFFICER HENSLEY; )
JANE DOE #1; AND JOHN/JANE DOE #2 )

To: The Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

**I.     Introduction**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed this lawsuit seeking damages under 42 U.S.C. § 1983 on May 12, 2008. (Docket Entry No. 1). The case was referred to the undersigned on September 1, 2008 for all pretrial proceedings, including recommendations on any dispositive motions under 28 U.S.C. § 636(b)(1). (Docket Entry No. 5).

Currently pending are the Defendants' motions to dismiss for failure to prosecute (Docket Entry Nos. 28, 33) supported by memoranda and an affidavit (Docket Entry Nos. 29, 32), as well as a prior motion by Defendants First Medical Management and Kevin Rea to dismiss for failure to state a claim. (Docket Entry Nos. 24, 25). Plaintiff has not responded to these motions. Upon consideration of these papers, and for the reasons given below, the Magistrate Judge recommends that Defendants' motion to dismiss for failure to prosecute be GRANTED, that the motion to dismiss for failure to state a claim be DENIED as moot, and that this case be DISMISSED with prejudice.

**II.    Factual Background**

Plaintiff Malone filed this lawsuit seeking damages under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights alleged to have occurred at the Turney Center Industrial Prison in Only, Tennessee. (Docket Entry No. 1 ). He claims that in January 2008, the Defendants delayed necessary treatment, ignored his physician's recommendations, and failed to administer prescribed pain medication, causing him further physical injury and pain. *Id.* at 6, 7. Mr. Malone filed this lawsuit on May 12, 2008 against Correctional Officer Hensley, two nurses who assisted him, Kevin Rea, and First Medical Management, which is the company that provides the Prison with medical care. *Id.* at 1. On June 25, 2008, Mr. Malone was released from prison and notified the court of his changed address. (Docket Entry No. 3). Since Mr. Malone's unsuccessful request for court-appointed counsel on August 20, 2008, neither the court nor the Defendants have heard from him. (Docket Entry Nos. 9, 11).

On September 2, 2008, Defendant First Medical Management moved to dismiss Mr. Malone's lawsuit for failure to state a claim. (Docket Entry No. 24). After Mr. Malone failed to respond to this motion by the March 20, 2009 deadline, this court ordered Mr. Malone to show cause as to why the Defendant's motion should not be granted. (Docket Entry No. 26). Mr. Malone received both the scheduling order and the order to show cause at his last known address and signed the certified mail return receipt card for each document. (Docket Entry Nos. 23, 27). Even though the court admonished Mr. Malone that it may recommend that his complaint be dismissed if he failed to show cause by the April 7, 2009 deadline, Mr. Malone failed to respond. (Docket Entry No. 26).

Mr. Malone has also failed to respond to the Defendants' discovery requests. On February 3, 2009, Defendant Hensley propounded discovery to Mr. Malone, and Mr. Malone

2

failed to respond by the March 3, 2009 deadline. (Docket Entry No. 32 at ¶ 2-3). Mr. Malone did not contact Mr. Hensley to request an extension of time to answer discovery, nor did he provide any reason as to why he did not respond. *Id*. Similarly, Mr. Malone failed to respond to the discovery requests of Defendants First Medical Management and Kevin Rea, which were made on January 31, 2009. (Docket Entry No. 33-1 at ¶¶ 2-3). Mr. Malone also failed to appear for his deposition on February 12, 2009, despite being duly served with notice. *Id.* at 4; Docket Entry Nos. 29-2, 32, 33-2. He did not contact the Defendants to reschedule this deposition or offer an explanation for why he did not appear. (Docket Entry No. 32 at ¶ 4). The scheduled deadlines for discovery, dispositive motions, responses, and replies have since expired. (Docket Item No. 22).

### III. Conclusions of Law

Fed. R. Civ. P. 41(b) provides that a plaintiff's complaint may be dismissed if he fails to prosecute his case or to comply with "any order of the court." In determining whether a case should be dismissed for failure to prosecute, a court must consider four factors: "(1) whether the [plaintiff's] failure to prosecute is due to willfulness, bad faith, or fault; (2) whether the [defendant is] prejudiced by the [plaintiff's] conduct; (3) whether the [defendant] was warned that failure to cooperate could lead to dismissal; and (4) whether a less drastic sanction [has been] imposed or considered." *Chamberlain v. Metro. Gov't of Nashville*, 2009 U.S. Dist. LEXIS 39953, at *1-2 (M.D. Tenn. May 11, 2009) (Trauger, J.) (dismissing a *pro se* plaintiff's complaint with prejudice for failure to prosecute) (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001))). The key inquiry is whether the plaintiff's conduct shows a lack of interest in the case, as evidenced by a "clear record of delay." *Knoll v. Am. Tel. & Tel. Co.*,

3

176 F.3d 359, 363 (6th Cir. 1999). Because Mr. Malone's conduct satisfies all four factors in favor of dismissal, his complaint should be dismissed with prejudice for failure to prosecute.

Mr. Malone's repeated failure to respond to dispositive motions and discovery requests demonstrates a "reckless" lack of interest in the case. To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Even for *pro se* plaintiffs, repeated failures to attend scheduled conferences and respond to court orders can create an inference of such reckless disregard. *See, e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (finding that dismissal for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily comprehended court deadlines*); Harmon v. CSX Transp.*, 110 F. 3d 364, 368 (6th Cir. 1997) (finding the plaintiff's conduct to be "willfully contemptuous" when he failed to respond to discovery requests and a motion to compel, did not comply with a court order, and filed no response to a motion to dismiss after the district court granted an extension)*; Rogers v. City of Warren*, 2008 U.S. App. LEXIS 24409, at *17 (6th Cir. Nov. 26, 2008) (finding that the plaintiff was "reckless" when he "twice failed to appear [in court], and, despite two orders to show cause, failed to explain his non-appearance"). Mr. Malone received both the scheduling order and the order to show cause at his last known address and signed the certified mail return receipt card for each document. However, he failed to respond to the Defendants' motion to dismiss and to this court's order. Combined with his repeated failure to respond to discovery requests, this creates an inference of "reckless disregard."

4

Mr. Malone's failure to respond to discovery requests has also prejudiced the Defendants. A defendant is prejudiced by a plaintiff's conduct when the defendant "[wastes] time, money, and effort in pursuit of cooperation which the defendant was legally obligated to provide." *Schafer,* 529 F.3d at 737. The Sixth Circuit has found that a plaintiff's failure to appear at a court-ordered status conference, where the defendant's counsel was "present and fully prepared to proceed," is sufficient to prejudice a defendant. *Rogers*, 2008 U.S. App. LEXIS 24409, at *18. Similarly, Mr. Malone failed to appear at a deposition for which the Defendant's attorney was present and fully prepared. Because the Defendants in this case were legally entitled to conduct discovery, and wasted time, money, and effort in pursuit of Mr. Malone's cooperation, his failure to cooperate prejudiced the Defendants.

Third, Mr. Malone was on notice from the Magistrate Judge that if he did not respond to the order to show cause by April 7, 2009, the Magistrate Judge would recommend that his case be dismissed. The show cause order, the scheduling order, and the notice of the deposition were all sent by U.S. Mail to Mr. Malone's last known address in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(e)(2); Docket Entry Nos. 23, 27, 29-1. The scheduling order also gave notice that failing to comply with the orders of the Court could result in dismissal of the case. (Docket Entry No. 22 at 2). Mr. Malone signed the return receipt for the show cause order and the scheduling order himself. (Docket Entry Nos. 23, 27). He was thus on notice of the possibility of dismissal.

Finally, this court has already given Mr. Malone a less drastic alternative to dismissal by ordering him to show cause after he failed to respond to the prior dispositive motion. In the Sixth Circuit, orders to show cause are sufficient to satisfy the fourth factor in the test for failure

5

to prosecute. *Rogers*, 2008 U.S. App. LEXIS 2440, at *21 (finding that after a plaintiff ignores an order to show cause "it is highly unlikely that any order imposing a lesser sanction would trigger a response"). Mr. Malone's complaint was subject to dismissal when he initially failed to respond to the Defendants' dispositive motion. He was ordered to show cause as to why the Defendants' motion should not be granted on March 24, 2009, and has not responded to this order. (Docket Entry No. 26). Mr. Malone's repeated failure to comply with court orders and the responsibilities of litigation, even with notice of the possibility of dismissal of his case, shows "a clear record of delay" which has prejudiced the Defendants. Accordingly, his complaint should be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute his case.

## IV.   Recommendation

In light of the foregoing, the Magistrate Judge recommends that Defendants' motions to dismiss for failure to prosecute be GRANTED, that the motion to dismiss for failure to state a claim be DENIED as moot, and that the case be DISMISSED with prejudice.

Any party has ten (10) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing the objections shall have ten (10) days from receipt of any objections filed in which to file any responses to the objections. Failure to file specific objections within ten (10) days of receipt can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 15th day of June, 2009.

s/John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE

7